Isaac N. Sutphin, P.C. (Wyo. Bar No. 6-3711)
Jeffrey S. Pope (Wyo. Bar No. 7-4859)
Holland & Hart LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
insutphin@hollandhart.com
jspope@hollandhart.com

ATTORNEYS FOR PLAINTIFF

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JAN 18  PM 4: 15

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TERRY BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 19-CV-14-J |
| STUART ASSELIN and RICHARD COLEMAN. | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

### INTRODUCTION

This is a breach of fiduciary duty case. The Plaintiff, Terry Brown, is the founder, initial shareholder, and former officer of U.S. Land Professionals, Inc. ("USLP"). The Defendants, in their capacity as officers of USLP, wrongfully removed Mr. Brown as President. With Mr. Brown removed from a decision-making role, the Defendants: 1) improperly increased their salaries by 60%; and 2) hired a new Vice President, Cory Greer, who, on information and belief, is bound by restrictive covenants that prevent him from developing any business or working in the right-of-way business for USLP—the apparent reasons for his hire.

Both decisions threaten the viability of USLP and the value of its shares. The increase in salary threatens the financial stability of USLP because it creates an unsustainable balance

between accounts receivables and costs. The hiring of Mr. Greer threatens the long-term future of USLP because he cannot bring in clients or manage right-of-way projects without breaching a covenant not to compete and exposing USLP to potential tortuous interference claims. These two actions have placed the company at a short-term and long-term disadvantage.

Worse still, the Defendants knew of these problems. They have access to USLP's financial documents, allowing them to analyze the impact of a salary increase. They also had the opportunity to conduct due diligence on Mr. Greer's legal ability to grow USLP's business or to participate in staffing right-of-way projects. But the Defendants either failed in their due diligence or did not care about the consequences. In either event, Defendants breached their fiduciary duty to USLP as officers. They also breached their fiduciary duty to Mr. Brown as a shareholder of USLP.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Terry Brown, is a shareholder and member of the Board of Directors as well as the former President of USLP. He is a citizen of Wyoming.

2. Defendant, Stuart Asselin, is the President of USLP. He is also a shareholder and member of the Board of Directors of USLP. On information and belief, Mr. Asselin is a citizen of Colorado.

3. Defendant, Richard Coleman, is the Vice President of USLP. He is also a shareholder and member of the Board of Directors of USLP. On information and belief, Mr. Coleman is a citizen of Colorado.

4. This Court has jurisdiction over this case under 28 U.S.C. § 1332(a). Complete diversity exists between Plaintiff and all Defendants. Also, the amount in controversy exceeds $75,000.00. This case is asserted to preserve the fair market value of Mr. Brown's interest in

USLP. USLP is a successful land and right-of-way acquisition company with operations throughout the Rocky Mountain region. With the recent improvements in the Energy Sector, USLP has experienced growth. The Defendants actions, however, have reduced the capacity for that growth and likely shrunk the available market share of USLP. Thus, the value of the relief sought by Mr. Brown is well in excess of the jurisdictional requirement of 28 U.S.C. § 1332(a).

5. Venue is proper in this Court, in that the cause of action arose in Wyoming, and the Defendants have conducted business for USLP in Wyoming.

## FACTS COMMON TO ALL ALLEGATIONS

6. USLP is a Florida Corporation with its principal office located at 3311 Wallace Avenue, Tampa, FL 33611. USLP is a land and right-of-way acquisition company with operations throughout the Rocky Mountain region.

7. Terry Brown formed USLP in 2007.

8. In 2013, USLP amended its Articles of Incorporation to add the Defendants as officers and members of the Board of Directors.

9. At or about this time, the Defendants also became shareholders of USLP and signed its Shareholder Agreement.

10. The Shareholder Agreement calculates the worth of shares based on their fair market value, which is defined in the Agreement and tied to the fair market value of USLP.

11. For the next few years, Mr. Brown served as President of USLP, with Mr. Asselin acting as Vice President and Chief Operating Office and Mr. Coleman acting as Vice President and Chief Financial Officer.

12. In early 2018, Mr. Brown served as USLP's President. With the Defendants serving as Vice Presidents.

3

13. Without any warning or apparent cause, the Defendants voted to remove Mr. Brown as President of USLP.

14. Both before and after his removal, Mr. Brown attempted to negotiate a buyout of his shares. While the Defendants indicated they would entertain a buyout, they failed to respond to several buyout offers from Mr. Brown.

15. With Mr. Brown removed, the Defendants decided to hire a new Vice President. After a limited search, they decided—over Mr. Brown's objection in his role as a Director of USLP—to hire Cory Greer as Vice President.

16. On information and belief, Mr. Greer came to USLP after leaving a Colorado based company working in the right-of-way industry in the same general region as USLP. On information and belief, Mr. Greer left that company subject to several agreements, including a covenant not to compete and a non-solicitation agreement.

17. On information and belief, these agreements preclude Mr. Greer from working on any project involving a known client of his former business or from soliciting work from them. On information and belief, his former company operates in most of the same locations as USLP. Mr. Greer's non-solicitation agreement precludes him from seeking any work in the right-of-way industry for the same three-year period.

18. In addition to hiring Mr. Greer, Defendants also decided to increase their salaries. Before removing Mr. Brown, the salaries for officers were $120,000 each per year, plus certain retirement benefits. After his removal, Defendants—over Mr. Brown's objection as a Director—increased their own salaries to $200,000 each per year plus certain retirement benefits. In addition, they voted to award Mr. Greer an annual salary of $140,000, an increase of $20,000 from Mr. Brown's salary.

## CAUSES OF ACTION

**Count 1 - Breach of Fiduciary Duty**

19. Mr. Brown incorporates the allegations in paragraphs 1-18 by reference as if fully set forth herein.

20. As Officers and Directors, Defendants owe a fiduciary duty of care and loyalty to USLP and its shareholders. This duty requires the Officers and Directors to act in the best interests of USLP and its shareholders.

21. Defendants breached this duty when they hired Mr. Greer. Mr. Greer is subject to several restrictive contracts that would prohibit him from fulfilling a primary role for USLP—developing business and working on right-of-way projects. He cannot solicit any clients that he has previously worked for. He also cannot compete against one of USLP's main competitors within its operational footprint. These agreements leave Mr. Greer drawing a salary with little or no ability to help USLP.

22. Mr. Greer's hire also represents a potential liability for USLP. Defendants knew, or should have known, about Mr. Greer's restrictive covenants. By extension, so did USLP. If Mr. Greer violates those covenants, USLP may be subject to a tortuous interference claim.

23. On information and belief, Defendants knew about Mr. Greer's contracts and the consequences those could have for USLP and its business. But they hired him anyway.

24. Mr. Greer's hire damages the long-term viability of USLP and the long-term fair market value of USLP shares.

**Count 2 - Breach of Fiduciary Duty.**

25. Mr. Brown incorporates the allegations in paragraphs 1-24 by reference as if fully set forth herein.

26. As Officers and Directors, Defendants owe a fiduciary duty of care and loyalty to USLP and its shareholders. This duty requires the Officers and Directors to act in the best interests of USLP and its shareholders.

27. The Defendants breached this duty by increasing the salaries for USLP's officers. Based on the company's historic financial performance, it will be unable to maintain its practice of balancing USLP's payables with the reserves in its bank account.

28. Mr. Greer's hiring compounds this problem because his non-compete and non-solicitation obligations prevent him from generating new business that would overcome the inevitable cash-flow shortfalls.

29. Defendants' decision puts the financial sustainability of USLP at risk—the opposite of what an officer is obligated to do.

30. Moreover, the decision to increase salaries is self-serving for Defendants and adverse to the best interests of the company and its shareholders, breaching their duty of loyalty.

31. The cumulative effects of the salary increase damages the fair market value of USLP and the fair market value of its shares.

**WHEREFORE**, Mr. Brown respectfully requests judgment against the Defendants granting the following relief:

(a) Damages for the Defendant's breach of fiduciary duty;

(b) Costs and attorneys' fees; and

(c) Any further relief this Court deems just and equitable.

DATED: January 18, 2019.

                /s/ Isaac N. Sutphin
Isaac N. Sutphin, P.C. (Wyo. Bar No. 6-3711)
Jeffrey S. Pope (Wyo. Bar No. 7-4859)
HOLLAND & HART LLP
P.O. Box 1347
Cheyenne, WY 82003
(303) 778-4200
insutphin@hollandhart.com
jspope@hollandhart.com

ATTORNEYS FOR PLAINTIFF TERRY BROWN